IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SURVIVOR PRODUCTIONS, LLC,                    Case No. 3:15-cv-01482-AA
        Plaintiff,                                                    O R D E R

v.

ABBOTT DAIMLER,

        Defendant.

---

Carl D. Crowell
Drew P. Taylor
Crowell Law
943 Liberty Street SE
Salem, OR 97308
    Attorneys for plaintiff

Abbott Daimler
2870 SE Kelly Street
Portland, OR 97202
    Pro Se Defendant

AIKEN, Judge:

    In this copyright infringement action, plaintiff Survivor Productions, LLC, alleges defendant Abbott Daimler used peer-to-peer file-sharing software to illegally download plaintiff's copyrighted motion picture, *Survivor*. Defendant, who is unrepresented, submitted a letter to the Court, which the Court construes as a motion to dismiss.

Page 1 - ORDER

In the letter, defendant alleges that an unknown third party accessed his wireless internet connection in order to download plaintiff's motion picture. Whether these allegations are true is a question of fact. Questions of fact are usually decided at trial. Sometimes they can be decided after discovery is complete, in response to a motion for summary judgment. But when deciding whether to dismiss a case *before* discovery, a court cannot make any ruling on questions of fact.[1] This means I cannot, at this stage, consider or weigh any evidence or make a determination that any party or witness is telling the truth. If this were not the rule, a defendant in any case — even a criminal case — could get the claims or charges dismissed simply by telling the court "I didn't do it."

I also cannot dismiss the case based on lack of evidence at this stage. The discovery process exists so that plaintiffs and defendants can gather the evidence they need to prove or defend against a claim. Defendant is required to respond to plaintiff's discovery requests. There are, however, limits on discovery. Those limits are outlined in Federal Rule of Civil Procedure 26(b). If defendant thinks a discovery request is unfair or unduly burdensome, he may raise that objection with plaintiff.[2] If the parties are unable to work out an agreement, defendant may ask the Court to rule on the discovery dispute.

It is not clear from the letter whether a copy was sent to plaintiff's counsel. Any document sent to the judge or court without including opposing counsel is an "ex parte communication." Ex parte communications generally are not permitted. In the future, if defendant files any documents or otherwise communicates with the court (for example, by sending a letter or an email), he must send a copy to opposing counsel.

If defendant has questions about court procedures, he may contact my courtroom deputy, Rebecca Henshaw, at rebecca_henshaw@ord.uscourts.gov. In addition, the District of Oregon has

---

[1] *See Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv., Inc.*, 911 F.2d 242, 245 (9th Cir. 1990) ("It is well-established that questions of fact cannot be resolved or determined on a motion to dismiss for failure to state a claim upon which relief can be granted.")

[2] *See* Fed. R. Civ. P. 26(b)(1) & (b)(2)(C)(i-iii) (discovery may be limited if it is "unreasonably cumulative or duplicative" or if "the burden or expense of the proposed discovery outweighs its likely benefit").

Page 2 - ORDER

a Pro Bono Program. Attorneys in this program volunteer to assist unrepresented litigants free of charge. If defendant sends a letter to the court requesting appointment of pro bono counsel (titled "Motion for Appointment of Pro Bono Counsel"), we will submit a request to the Pro Bono Program to see if there is an attorney willing to assist him.

I emphasize that, at this stage, the Court takes no position on the truth or falsity of any of the allegations in the complaint or defendant's letter. This Order simply concludes that defendant has not shown any basis for dismissing the case prior to discovery. Additional information in this Order is intended to explain court procedures to a *pro se* defendant in order to promote efficient resolution of this litigation.

Defendant's motion to dismiss (doc. 29) is DENIED.

IT IS SO ORDERED.

Dated this 25 day of May 2016.

_____
Ann Aiken
United States District Judge