IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SURVIVOR PRODUCTIONS, LLC,

Plaintiff,

v.

ABBOTT DAIMLER,

Defendant.

Case No. 3:15-cv-01482-AA
OPINION AND ORDER

---

Carl D. Crowell
Drew P. Taylor
Crowell Law
943 Liberty Street S.E.
Salem, OR 97308
Attorneys for plaintiff

Abbott Daimler
2426 Roanoke Drive
Ypsilanti, MI 48197
Pro Se Defendant

AIKEN, Judge:

In this copyright infringement action, plaintiff Survivor Productions, LLC, alleges defendant Abbott Daimler used peer-to-peer file-sharing software to illegally download plaintiff's copyrighted motion picture, *Survivor*. On April 1, 2016, plaintiff served defendant with interrogatories, requests for production, and requests for admission, pursuant to Federal Rules of Civil Procedure 33, 34, and 36. Defendant, who is *pro se*, has provided no response to plaintiff's discovery requests. Plaintiff now moves for an order compelling defendant to respond. Defendant filed no official response to plaintiff's motion to compel, but did briefly address plaintiff's discovery requests in a letter filed the same day as plaintiff's motion to compel.[1] For the reasons set forth below, plaintiff's motion is granted, but the Court modifies the scope of the interrogatories and requests for production pursuant to Federal Rule of Civil Procedure 26.

## STANDARDS

"Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *see also EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) ("Of course, as in all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way.") In general,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "On motion or on its own," the district court is *required* to limit "the frequency or extent of discovery" if

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

[1] The Court construed the letter as a motion to dismiss and denied the motion. *See* Doc. 32; *Survivor Prods., LLC v. Daimler*, 2016 WL 3032688 (D. Or. May 25, 2016).

  > (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). The court's responsibility to police compliance with Rule 26(b)(2)(C) takes on particular importance when one of the parties is *pro se*. *Cf. United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 804 n.18 (9th Cir. 1986) (noting that district courts owe *pro se* litigants "special solicitude" with respect to procedural matters).

The Federal Rules of Civil Procedure also grant district courts broad authority to compel participation in the discovery process. *See* Fed. R. Civ. P. 37(a)(1), (3). This includes wide discretion to impose sanctions. *See* Fed. R. Civ. P. 37(b)-(f).

With these principles in mind, I turn to plaintiff's motion to compel.

**DISCUSSION**

*I. Interrogatories*

Pursuant to the Federal Rules of Civil Procedure, defendant was required to respond to the interrogatories by May 1, 2016. *See* Fed. R. Civ. P. 33(b)(2) (requiring answers or objections to interrogatories within thirty days). He failed to do so, and according to this Court's Local Rules now has waived any objections to the interrogatories. *See* L.R. 26-5(a). Accordingly, plaintiff's request for an order compelling defendant to answer the interrogatories is granted. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii).

However, pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii), I find the discovery sought through the first, second, third, fourth, and seventh interrogatories is not proportional to the needs of the case because the burden of responding outweighs the likely evidentiary benefit of the response. Accordingly, the first and seventh interrogatories are limited as follows:

> **Interrogatory No. 1.** Identify all computers (including equipment which performs computational functions) and electronic storage devices used at defendant's address commonly known as 2870 SE Kelly St., Portland, OR 97202, by defendant, other residents of defendant's address in the 2015 calendar year, or guests who stayed for at least seven full days or the equivalent at defendant's address ~~that may have had~~

> ~~access to an IP address assigned to that address~~ at any time in the 2015 calendar year, including providing dates of use, dates of purchase, current location, any brand or model number and other identifying designation, and the storage capacity of each such device listing number of drives, model and size where available. If any such computer or storage device is no longer at the location, in your possession, or subject to your control, describe how, when and why you no longer have possession or control of the device.
>
> **Interrogatory No. 7.** Attached hereto is a list of BitTorrent activity observed associated with IP address 71.59.252.243, identified as **Exhibit B.** Please identify by item number any titles or files that defendant ever observed ~~(through any means)~~, shared, downloaded or attempted to download through the BitTorrent protocol at any time by file number. If defendant denies observing, sharing, downloading, or attempting to download any of the listed titles or files through the BitTorrent protocol, a blanket denial is an acceptable response to this interrogatory. For each such identified title or file, state: . . .

In addition, the second, third, and fourth interrogatories shall now apply to the modified version of Interrogatory No. 1. So, for example, in response to Interrogatory No. 2 as modified, defendant would need to list the name and contact information of a friend who visits most afternoons and uses a computer at the house for two hours, but would not need to list the name of a friend who visited for one weekend during the year.

In his letter requesting dismissal, defendant expressed concern about his ability to obtain some of the requested information. Defendant is obligated only to undertake reasonable efforts to fully respond to the modified interrogatories. *See Oatman v. Sec'y of Treasury of U.S.*, 893 F. Supp. 937, 939 (D. Idaho 1995). If he cannot provide an answer after making a reasonable effort to obtain the necessary information, a description of those reasonable efforts is a satisfactory response.

*II. Requests for Production*

Defendant was required to respond to the requests for production by May 1, 2016. *See* Fed. R. Civ. P. 34(b)(2) (requiring answers or objections to requests for production within thirty days). He failed to do so, and according to this Court's Local Rules now has waived any objections to the interrogatories. *See* L.R. 26-5(a). Accordingly, plaintiff's request for an order compelling defendant to produce documents and things is granted. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).

However, pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii), I find the discovery sought through the requests for production is not proportional to the needs of the case because the burden of responding

outweighs the likely evidentiary benefit of the response. Moreover, nearly all of the requests for production fail to comply with Rule 34's requirement to identify the items sought with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A). In fact, many of the requests are so broad, it is unclear to what extent the information sought is relevant at all to this issues in this case.

The vast majority of plaintiff's requests for production sweep far too broadly and must be stricken in their entirety because they exceed the scope of Rule 26(b)(1) and fail utterly to meet the particularity requirement of Rule 34(b)(1)(A). *See* Manual for Complex Litigation (Fourth) § 11.443 (2004) (urging courts to "prevent indiscriminate, overly broad, or unduly burdensome demands — in general, forbid sweeping requests, such as those for 'all documents relating or referring to' an issue, party or claim, and direct counsel to frame requests for production of the fewest documents possible"); *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 650 (10th Cir. 2008) (disapproving "kitchen sink" requests for production). Specifically,

- Document request number 1 seeks a complete "clone of each hard drive or electronic media storage device used with any computing device used or operated in your house . . . within the last two (2) years";

- Document request number 2 seeks "[a]ll documents referring, relating to or comprising records of your Internet browser's history";

- Document request number 3 seeks "[a]ll documents referring, relating to or comprising records associated with the purchase of any computing device or electronic media storage device used at your residence" in the last two years;

- Document request number 6 seeks "[a]ll documents referring, relating to or comprising written communications from your" internet service provider;

- Document request number 7 seeks "[a]all documents, including credit card statements, receipts, or other statements referring to or relating to the purchase or installation of any software or digital media for use on a computing device" within the last three years;

- Document request number 8 seeks a complete copy of all files in an electronic storage locker used by anyone in the household;

- Document request number 9 seeks a complete copy of all files in a cloud-based storage system used by anyone in the household;

- Document request number 10 seeks a complete copy of all files in any video game consoles used by anyone in the household;

- Document request number 11 seeks "[a]ny documents pertaining to receipts of purchases, credit card statements, checks cashed, bank account statements, or travel documents that may evidence that you were not at your residence or in control of your IP address at any time in 2015";
- Document request number 12 seeks any documents or contracts pertaining to ownership of the property or rental agreements involving the residential property located at defendant's address; and
- Document request number 14 seeks all credit card and bank statements relating to purchases of electronic equipment and computer devices in the past three years.

Pl.'s Mot. Compel Ex. 2 (doc. 27-2).

These requests run afoul of the Federal Rules in three ways: their burden far outweighs their potential evidentiary value, they do not even come close to meeting the requisite particularity standard, and they push the bounds of the Rules' lenient relevancy rules. Requesting *every* document and piece of software on *every* electronic device used in defendant's home *in the past several years*, in addition to mountains of receipts, bills, financial statements, notices, travel documents, and rental agreements, is not a good faith discovery plan. Document requests numbers 1 through 3, 6 through 10, 12, and 14 are stricken in their entirety. Plaintiff may submit a second round of requests for production to defendant, but those requests must be specifically targeted to address plaintiff's claims of copyright infringement.

*III. Requests for Admission*

Under the Federal Rules, if a party fails to respond to a request for admission within thirty days, the requested admissions are deemed admitted. *See* Fed. R. Civ. P. 36(a)(3). "A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b); *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007). Therefore, all plaintiff's requested admissions are deemed admitted. If defendant wishes to withdraw or amend any or all of the admissions, he must submit a written motion to the Court.

**WARNING TO BOTH PARTIES**

Failure to comply with this Opinion and Order may lead to sanctions. Sanctions may include, among other penalties, an order to pay the attorney's fees and costs of the opposing party. If the failure to comply is serious enough or persists for long enough, the Court has the authority to enter dispositive or terminating sanctions, which mean the other party automatically wins the case.

Defendant is ORDERED to respond to plaintiff's interrogatories as modified in this Order and to produce documents responsive to the remaining requests for production (numbers 4, 5, and 13, relating to defendant's use of a modem/wireless router and forensic software used to preserve or delete files) by August 1, 2016.

Defendant is further ORDERED to respond promptly to any future discovery requests and other communications from plaintiff's counsel. The Federal Rules of Civil Procedure provide discovery time limits. Generally, as explained in this opinion, a response to a discovery request is due within 30 days unless the parties agree to a different time frame.

In his letter requesting dismissal, defendant stated he is dealing with an acute family health emergency. The Court is sympathetic to defendant's situation, but refusing to respond at all to discovery requests or to communicate with plaintiff's counsel is not acceptable. If it would impose a serious hardship for defendant to comply with this Order by August 1, 2016 or to respond to future discovery requests by the applicable due date, defendant must attempt to reach an agreement with plaintiff to extend discovery. The Court expects plaintiff to respond reasonably to requests to extend deadlines when there are extenuating circumstances. If the parties are unable to reach an agreement, they may ask the Court to resolve the discovery or schedule dispute. The Court reminds defendant that if he is interested in legal representation, he should submit a request for appointment of pro bono counsel to the Court.

Plaintiff is ORDERED to comply with the letter and spirit of the Federal Rules of Civil Procedure in all future discovery requests. All requests are to be narrowly tailored to obtain information relevant and useful to the efficient resolution of this case. This Court will not tolerate

bullying disguised as a discovery request, particularly when the opposing party is *pro se*.

***Failure to abide by the terms of this Opinion and Order shall be a basis for sanctions, up to and including dispositive sanctions, pursuant to Federal Rule of Civil Procedure 37.***

## CONCLUSION

Plaintiff's Motion to Compel Responses to Requests for Discovery and Deem Answers Admitted (doc. 26) is GRANTED, subject to the extensive modifications to plaintiff's Interrogatories and Requests for Production outlined in this Opinion and Order.

IT IS SO ORDERED.

Dated this 27 day of June 2016.

Ann Aiken
United States District Judge